IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

ROOSEVELT SHAFFER (Y-18593), )
)
Plaintiff, )
) Case No. 15 C 5770
v. )
) Judge Manish S. Shah
OFFICER RANDALL, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall Shaffer, a prisoner in state custody, asserts that when he was a pretrial detainee at the Cook County Jail, Officer Randall failed to protect him from an assault by a crutch-wielding detainee. Officer Randall moves for summary judgment, arguing that Shaffer failed to exhaust his administrative remedies and that regardless, Shaffer's claims fail on the merits. For the following reasons, Officer Randall's motion is granted.

**I.  Northern District of Illinois Local Rule 56.1**

Because Shaffer is a *pro se* litigant, Officer Randall served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. [53].[1] The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

---

[1] Bracketed numbers refer to entries on the district court docket.

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Shaffer did not file a response brief, a response to Officer Randall's statement of facts, or his own statement of additional facts.[2]

Although courts construe *pro se* pleadings liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), a plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Accordingly, the Court accepts all assertions in Officer Randall's statement of facts as true to the extent that they are supported by the record. *See* L.R. 56.1(b)(3)(C).

## II. Facts

The following facts are set forth as favorably to Shaffer as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). On April

---

[2] Shaffer's last contact with the Court was via telephonic appearance at a status hearing on September 21, 2016. [36]. The Illinois Department of Corrections inmate locator indicates that he was transferred to state custody on December 23, 2016, and is currently incarcerated at the Dixon Correctional Center. On January 12, 2017, and February 6, 2017, the Postal Service returned two of the Court's orders [44 & 48] as undeliverable. The Clerk resent these documents to Shaffer at his address of record (the Dixon Correctional Center) [55 & 56]. The resent notices were not returned, and Plaintiff has not communicated with the Court regarding the summary judgment motion.

2

15, 2015, Shaffer was a pretrial detainee at the Jail and Officer Randall (a correctional officer at the Jail) was on duty on Shaffer's tier. *Id.* at ¶¶ 1–3, 5–6.

Around noon that day, Shaffer was in his tier's dayroom, where Officer Randall was sitting at a desk. *Id.* at ¶¶ 7, 12–13. As Shaffer spoke with another detainee, two officers escorted detainee Duane Noyes, who was using crutches, from his cell. *Id.* at ¶ 10. Noyes approached Shaffer from behind and flung one of his crutches at the detainee who was talking to Shaffer. *Id.* at ¶¶ 8–9. Noyes missed, so the crutch hit Shaffer on the back of his head, causing a cut that required two staples. *Id.* at ¶¶ 9, 18.

Shaffer does not know why Noyes threw his crutch at the other detainee. *Id.* at ¶ 11. Before he was struck by the crutch, Shaffer had no prior verbal or physical altercations with Noyes and had never told Officer Randall that he was scared of Noyes. *Id.* at ¶¶ 14, 16–17. Shaffer was surprised when the crutch hit him on the head. *Id.* at ¶ 15.

In 2015, Cook County Jail had an established grievance procedure which was available to all detainees, as well as a designated group (Program Services) responsible for administering grievances filed by detainees. *Id.* at ¶¶ 28, 30. Under the Jail's grievance procedure, a detainee must appeal from the denial of a grievance to exhaust his administrative remedies. *Id.* at ¶ 29.

When Shaffer arrived at the Cook County Jail, other detainees told him about the grievance process. *Id.* at ¶ 19. Shaffer, who can read and write English, had read

3

the Jail's grievance forms prior to the incident. *Id*. at ¶¶ 20–21. The grievance form contains a description of the grievance procedure. *Id*. at ¶ 21. Shaffer understood that if he was dissatisfied with a response to a grievance he had filed, he had to appeal. *Id*. at ¶ 22.

On April 15, 2015, Shaffer filed a grievance about the incident. *Id*. at ¶¶ 23–24. In that grievance, Shaffer alleged that Noyes was in protective custody, and should not have been out of his cell in an area with Shaffer. [51-3]. On May 18, 2015, Shaffer signed a receipt indicating that he had received a response. [51] at ¶ 25. Immediately below the signature line, the grievance response form advises detainees that they must appeal within 14 days after receiving a response. *Id*. at ¶ 26. Shaffer did not appeal the response to his grievance. *Id*. at ¶ 27.

## III.  Analysis

Officer Randall moves for summary judgment, arguing that Shaffer is not entitled to relief because he failed to exhaust his administrative remedies. Alternatively, Officer Randall argues that he is entitled to summary judgment on Shaffer's failure to protect claim because no evidence indicates that he acted with a sufficiently culpable state of mind.

### A.  Legal Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

**B.  Exhaustion**

The Prison Litigation Reform Act provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Courts interpret the exhaustion requirement "strictly; thus, a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). "Unexhausted claims are procedurally barred from consideration." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). The Jail's grievance procedure requires inmates to appeal an adverse response to a grievance. During his deposition, Shaffer admitted that he did not appeal. Thus, Officer Randall is entitled to summary judgment on Shaffer's failure to protect claim because Shaffer did not exhaust available administrative remedies.

## C. Shaffer's Failure to Protect Claim

Even if Shaffer's failure to protect claim were properly before the Court, he would still be unable to survive summary judgment. Because Shaffer was a pretrial detainee on the date of the incident, his failure to protect claim arises under the substantive component of the Fourteenth Amendment's Due Process Clause. *See Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005). "Jail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1988)); *see also Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008). However, a constitutional violation does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Jails, "after all, are dangerous places often full of people who have demonstrated aggression." *Id*.

Accordingly, a defendant can be held liable for a breach of the duty to protect only when he is aware of a substantial risk of serious injury and fails to take appropriate steps to protect an inmate from a known danger. *Rice*, 675 F.3d at 669. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 480–81 (7th Cir. 2015) (citations omitted). A plaintiff can also prove actual knowledge by demonstrating that a correctional

official was aware of an obvious risk. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001).

But a plaintiff cannot show that a defendant officer was on notice of a substantial risk of harm by pointing to a surprise attack, with no advance warning of either the plaintiff's vulnerability or the assailant's predatory nature. *See Guzman v. Sheahan*, 495 F.3d 852, 857–58 (7th Cir. 2007) (affirming grant of summary judgment in favor of defendants when plaintiff did not interact with his assailant prior to an attack or advise defendants that the eventual assailant "might be a specific danger to him"); *see also Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005).

It is unfortunate that Noyes hit Shaffer in the head. Nevertheless, to survive summary judgment on his failure to protect claim, Shaffer must identify evidence that suggests that Officer Randall acted "with the equivalent of criminal recklessness." *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006) (citing *Farmer*, 511 U.S. at 836–37). Here, nothing in the record suggests that Officer Randall knew that Noyes was a danger to anyone or that he intended to throw his crutch as he exited his cell. Noyes's status as an inmate in protective custody does not support an inference of dangerousness or a known risk of a fight between Noyes and the other detainee. Shaffer himself was unaware of a risk to his own safety before the incident, as he testified that he was surprised when the crutch hit him, did not know why Noyes had thrown his crutch at the other detainee, had never interacted with Noyes prior to the incident, and had never told Officer Randall that he feared Noyes.

Thus, the record does not indicate that Officer Randall had any reason to suspect that Noyes posed a risk to Shaffer prior to the incident. Given this, Officer Randall cannot have recklessly refrained from taking appropriate steps to protect Shaffer.

## IV. Conclusion

Officer Randall's motion for summary judgment [50] is granted. The Clerk is directed to enter final judgment in favor of defendant and terminate this case.[3]

ENTER:

Date: 5/4/2017

Manish S. Shah
United States District Judge

---

[3] If Shaffer wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Shaffer could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id*. If Shaffer seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this Court. *See* Fed. R. App. P. 24(a)(1). Shaffer may file an appeal without filing a motion to reconsider this Court's ruling. However, if Shaffer wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. Fed. R. Civ. P. 59(e). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). The time to file a Rule 59(e) or Rule 60(b) motion cannot be extended. Fed. R. Civ. P. 6(b)(2). A Rule 59(e) or Rule 60(b) motion suspends the deadline for filing an appeal until the ruling on the motion, but only if the motion is filed within 28 days of the entry of judgment. Fed. R. App. P. 4(a)(4)(A)(iv) and (vi).